## No. 11,892.

### INTERSTATE EMPLOYMENT SYSTEM *v.* HALL.

Decided June 27, 1927.   Rehearing denied July 22, 1927.

Action against employment broker for damages. Judgment for plaintiff.

## *Affirmed.*

### *On Application for Supersedeas.*

1.  TRIAL—*Amount of Judgment.* In an action brought in justice court and appealed to the county court, it is held that plaintiff was entitled to a judgment for the amount established by the evidence, notwithstanding plaintiff's counsel stated a less amount was claimed.

2.  BROKERS—*Employment.* Judgment against an employment agency for railroad fare, and commission paid it by applicant for a position, affirmed, where the situation procured did not meet the requirements of applicant set forth in his application as to location near accredited schools.

3.      *Information.* It is the duty of a broker to furnish his client with whatever information he can reasonably obtain concerning the matter on which he is employed.

*Error to the County Court of the City and County of Denver, Hon. George W. Dunn, Judge.*

Mr. WILLIAM W. GARWOOD, Mr. OMAR E. GARWOOD, Mr. EVERETT BELL, Mr. JOSEPH H. MURRAY, for plaintiff in error.

Mr. JAMES R. HOFFMAN, Mr. CARLOS A. RICHARDSON, for defendant in error.

*En Banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

SUIT brought in justice court by Hall against the plaintiff in error, where Hall recovered judgment and an appeal taken to the county court. In the county court a trial was had to the court without a jury and judgment again rendered in favor of plaintiff Hall for the sum of $124.42. Defendant brings the case here and applies for a supersedeas. The parties have agreed that we may dispose of the case on this application. The plaintiff in error will be here designated as the defendant, and the defendant in error as the plaintiff.

In order to get a correct understanding of the situation, it will be necessary to briefly set out the substance of the various communications passing between plaintiff and defendant. At the time of the transaction in question the defendant was an employment agency operating in the city of Denver, for the purpose of securing adequate office help, engineering and other technical employment. Plaintiff was a resident of Nebraska City, Nebraska.

Exhibit A is a letter from defendant to plaintiff dated December 7, 1925, and written to plaintiff in answer to an inquiry made by him concerning the service that defendant would render, and enclosed an application blank. In this letter it was stated that defendant's commission would be an amount equal to 35 per cent of one month's salary. The letter also stated that at the time plaintiff should notify them of his acceptance, one-half of the amount due as commission should be wired to them. Further, that any unpaid amount due defendant as commission would be deducted from plaintiff's salary and remitted by the employing company to defendant.

Exhibit B was the application blank filled in and signed by plaintiff, and filed with defendant January 7, 1926. This application blank contained, among other things, the following: "Upon my acceptance of a permanent position, secured either directly or indirectly through your service, I agree to pay, at Denver, Colorado, as com-

mission, an amount equal to that specified in the schedule of rates, as printed on the back of this application blank.

"My voluntary leaving or failure to start work after accepting such position does not relieve me from paying this obligation." And further, "Location: If my work is not in a town or city I desire it close enough so that my home location can be where there are accredited grade and high schools." The application designated the positions which plaintiff stated he was qualified to fill.

Exhibit C was a copy of a letter from Hall to defendant dated December 20, 1925, in which he said, "There are a few things I want to ask. If I secure a position through your service, will I have an opportunity to investigate it before I decide to accept without becoming liable to your commission? I want to know where I am going so I can investigate the living conditions and schools, as I have two children of school age."

Exhibit D was an answer of defendant to Exhibit C, dated December 22, 1925, addressed to plaintiff, and contains the following: "All positions clear over our own desks, that is we furnish the applicant with the information regarding the vacancy and he is either to accept or reject the position on what we furnish him. In filling out the blank you can specify the kind of a town that you wish to go, company, position, etc."

Exhibit F is a letter from Hall to defendant dated February 26, 1926, in which the plaintiff said: "I have not heard from you further about a position, and have been wondering if it is my qualifications or desired living conditions that causes the delay? Would it be to my advantage to come to Denver for a week or two so as to be in closer touch with your office?"

Exhibit G is a letter from defendant to Hall dated March 1, 1926, which reads: "You may rest assured that your application is receiving prompt attention. At present we have nothing to offer you, but when an opening presents itself in which we believe you will be interested and qualified to fill we will notify you immediately by

wire; therefore, it would be of no advantage to you to come to Denver." On March 10, 1926 defendant wired plaintiff as follows: "Offer for immediate acceptance position assistant coal mine accountant Albuquerque New Mexico district at starting salary one forty. If accept to report immediately wire our commission forty nine dollars and await instructions." On March 12, 1926 defendant again wired to Hall as follows: "Report immediately at office Hagan Coal Mines Incorporated First National Bank Building Albuquerque New Mexico on position as assistant coal mine accountant salary one forty they wired us instruct you report March fifteenth therefore don't delay. It is understood your reporting authorizes employer deduct balance commission from salary please acknowledge." On the same date plaintiff wired defendant $25 with the following message: "Accept position offered tenth." On March 13, 1926 plaintiff again wired defendant as follows: "Leaving here Sunday Denver Monday Albuquerque Tuesday sixteenth."

It appears from the evidence that Hall's understanding was that he would be located in Albuquerque, where living conditions were good, and the schools of the character which he had described in his application. When he reported at the office of the coal mining company in the First National Bank at Albuquerque he was informed that he would be located at the town of Hagan, about forty miles distant from Albuquerque. He went there and investigated the situation. He testified that the first thing he did was to go over and visit the school; that the school was far from what he had in mind; that the children could not have been over fifth grade, and foreign children, Mexicans, Italians and Indians, and only three white; that there were two teachers, the principal a man, and a lady teacher; that the principal told him he ran a barber shop and pool hall at night; that there were about 15 or 20 small children and 10 larger ones; that there were not over four or five white children in the entire school; that as to churches, he was informed there was

no church of any sort, nor any sort of recreation; that he told Mr. Oakes, the man who represented the mining company, and for whom plaintiff would work if employed, that the place was not as represented to plaintiff, and not as he intended it; that he told Oakes he wouldn't start work; that he stayed in camp until the next day and went to Albuquerque; that the trains to Albuquerque ran just as needed, and they had a coal train only to the junction, no regular bus lines or automobile lines, and no other way of getting to Albuquerque, unless you had a car; that he came back to Denver and reported to the Interstate office and told Mr. Bower, who was representing the Interstate Company, that the place was not as represented; that if it had been he would have started to work.

Oakes, who was the auditor of the Hagan Coal Mining Company, and whose deposition was taken and read on behalf of defendant, testified relative to the living conditions and schools at Hagan, and that plaintiff had told him that the Interstate Employment System had misrepresented the position to him; that Hall was very much disappointed, as he fully expected his position would be in Albuquerque. Oakes testified that he (Oakes) left the Hagan Coal Mining Company July 3, 1926, because he did not wish to work under the conditions there; that in March, 1926, he was not completely satisfied with the living conditions at Hagan; that he told Mr. Hall that if he (Oakes) were married, and had a family, he would not live in Hagan; that if he had children of school age he would not consider Hagan a desirable place in which to live.

While there is a contention on the part of defendant that the court rendered judgment for a greater amount than was claimed by plaintiff, the difference being $7.42, yet we think if plaintiff is entitled to recover at all the amount of the judgment was right.

The suit was brought to recover $92.50 railroad fare and $25, the commission paid defendant, making a total of $117.50, which plaintiff's attorney stated was what

they claimed, but the proof showed that including the commission the correct amount was $124.42, and notwithstanding the statement of counsel we think plaintiff was entitled to recover according to the evidence.

Counsel for plaintiff stated to the court in making his opening statement that the plaintiff wanted to be near a town of sufficient size, having competent schools and good living conditions for his children; that when plaintiff got there he found that he would be located about 40 miles from Albuquerque, at the little mining town of Hagan; that it wasn't what plaintiff expected to find, and he came back to Denver.

Defendant then interposed a counterclaim for $25, the balance of commission unpaid by plaintiff. The real contention made by defendant, and the one relied upon, is that the court should not have rendered judgment in favor of plaintiff, but that the judgment should have been in favor of defendant. Defendant's argument is that defendant was guilty of no fraud, no misrepresentation, and no concealment; that they guaranteed nothing, warranted nothing; that they had fully performed their contract, and that it had been accepted by the plaintiff.

On the other hand, the plaintiff contends that he made known to defendant that he must be located in a town where there were good living conditions and good schools on account of his children, or sufficiently near a town of that kind so that he could have the benefits thereof; that defendant, knowing his requirements, misrepresented the facts to him and concealed from him the fact that he would be located in such town as the town of Hagan; that he was led to believe that he would be located in Albuquerque.

As to the living conditions and schools in Hagan, the court found in favor of plaintiff, and the finding is amply sustained by the evidence. The defendant, however, contends that that is wholly immaterial, for the reasons already stated.

The language of the telegrams sent by defendant to plaintiff was such as to mislead the plaintiff and induce him to believe that he would be located in Albuquerque. While it is true that the wire of March 10 stated "Albuquerque New Mexico District," the message of March 12 said, "Report immediately at office Hagan Coal Mines Inc. First National Bank Building Albuquerque New Mexico."

Plaintiff was fully justified in believing that the position offered him was in Albuquerque, and that such was the position he accepted. That he would be located in the town of Hagan was never suggested in any communication to him from defendant. In view of the fact that according to the letter of December 22 plaintiff must accept or reject the position on the information furnished him by defendant, and in view of the further fact that defendant had suggested to plaintiff that he could state in his application the kind of town in which he wished to be located, and that he did clearly so state in his application, we think defendant, being a broker, as Mr. Bower testified the defendant was, should have given him full information concerning the location, the schools and living conditions. There was evidence tending to show that defendant knew Hagan was a town forty miles from Albuquerque, and that defendant did not know whether plaintiff was to be placed in Albuquerque or Hagan, but we think it was the duty of defendant to have secured and given to the plaintiff whatever information it could reasonably obtain as to the place where plaintiff would be located, and as to the school and living conditions. 4 R. C. L., p. 269.

We think the judgment was right. Supersedeas denied and judgment affirmed.